UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| JERRY L. SETZER, | ) | CIV. 09-5093 |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary, | ) | |
| Respondent. | ) | |

## INTRODUCTION

Pending before the court is a petition for habeas relief filed by Jerry L. Setzer pursuant to 28 U.S.C. § 2254 and arising out of his conviction in South Dakota state court. This petition was referred to this court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to that referral, this court issued an order to show cause requesting both Mr. Setzer and the respondent to brief the issue of whether Mr. Setzer's petition is barred by the statute of limitations. Mr. Setzer's petition is now ripe for decision.

## FACTS AND PROCEDURAL HISTORY

Jerry L. Setzer was convicted in state court of second degree burglary on February 16, 2001, *nunc pro tunc* February 14, 2001, and was sentenced to 20 years in prison pursuant to a part II habitual offender information. Mr. Setzer pursued a direct appeal of that conviction to the South Dakota Supreme Court,

which affirmed the conviction on February 22, 2002. Mr. Setzer did not appeal to the United States Supreme Court following the filing of his judgment in state court. Mr. Setzer filed a petition for a writ of habeas corpus in state court on August 5, 2002. An evidentiary hearing was held on December 23, 2003, and Mr. Setzer's petition was denied by the trial court in an order dated May 29, 2004 (filed June 4, 2004).

Mr. Setzer filed a motion for the issuance of a certificate of probable cause on June 22, 2004. The circuit court granted the certificate of probable cause by an order dated the same day.

Mr. Setzer then filed a motion for relief and alternative motion to reconsider in state court on November 14, 2005, requesting that the court file, *nunc pro tunc,* an apparently-unfiled notice of appeal to the Supreme Court, or alternatively, that the court reconsider his petition for habeas relief or issue a certificate of probable cause pursuant to S.D.C.L. § 21-27-18.1. The motion was granted, so notice of appeal was filed on March 15, 2006, *nunc pro tunc,* June 30, 2004.

Mr. Setzer next appealed the decision denying his state petition for habeas relief to the South Dakota Supreme Court, which affirmed the conviction by an order dated December 4, 2006 (filed December 29, 2006). Mr. Setzer filed a petition for habeas relief in this court on December 19, 2006, and the petition was dismissed without prejudice for his failure to exhaust his state court claims. See Docket No. 1, 5:06-cv-05103-KES.

Mr. Setzer filed his second petition for writ of habeas corpus with this court on June 25, 2007. See Docket No. 1, 5:07-cv-05044-RHB. The district court dismissed the petition on February 7, 2008. Mr. Setzer filed a notice of appeal to the Eighth Circuit on February 13, 2008. The Eighth Circuit remanded the matter with directions that if granted, the certificate of appealability should state with specificity the issues to be considered on appeal. However, on March 6, 2008, the district court denied a certificate of appealability. On November 24, 2008, the Eighth Circuit also issued a judgment denying a certificate of appealability. Mr. Setzer's appeal was accordingly dismissed.

Mr. Setzer then filed a motion for relief and alternative motion to reconsider in state circuit court. The state circuit court dismissed the petition with prejudice on May 29, 2009. The South Dakota Supreme Court again entered an order denying a certificate of probable cause on September 8, 2009. On September 17, 2009, Mr. Setzer then filed the present application for a writ of habeas corpus in this court.

On November 18, 2009, the undersigned issued an order to show cause, indicating that it appeared that Mr. Setzer's federal habeas petition was untimely under 28 U.S.C. § 2244(d)(1). The court invited both Mr. Setzer and the respondent, Douglas Weber, to file briefs addressing the statute of limitations issue.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires that state prisoners seek federal habeas relief within one year of the date that their state court conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A). A state court conviction becomes final for purposes of AEDPA when all direct appeals in the state system are final, followed by 90 days during which a petition of certiorari to the United States Supreme Court may be filed. Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853 (8th Cir. 2003). The one-year AEDPA statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. See 28 U.S.C. § 2244(d)(2); Curtiss, 338 F.3d at 854.

Mr. Setzer's state court conviction became final 90 days after the South Dakota Supreme Court affirmed his conviction on direct appeal. The South Dakota Supreme Court's affirmance occurred on January 15, 2002. Mr. Setzer failed to petition the United States Supreme Court for a writ of certiorari. Therefore, the state court conviction became final 90 days following January 15, 2002, on April 15, 2002. There was no tolling of this statute of limitations from April 15, 2002, to the time Mr. Setzer filed his application for habeas relief in state court on August 5, 2002. As respondent points out in his brief, this time period of approximately 113 days counts against the one year statute of limitations.

On August 5, 2002, however, the limitations period was tolled when Mr. Setzer filed his petition for habeas relief in state court. Mr. Setzer's state habeas proceedings became final on December 4, 2006, after the South Dakota Supreme Court entered its order affirming the lower court's denial of habeas relief. Docket No. 22-10. Thus, the period from December 4, 2006, to the date of filing of the present petition for habeas review, on April 20, 2009, similarly did not toll the statute. This period of time spans approximately 868 days, which long exceeds the AEDPA limitations period of 365 days. The AEDPA statute of limitations began running again on December 4, 2006 and was not tolled until April 20, 2009, at which time Mr. Setzer filed his motion for relief and alternative motion for reconsideration in state court. Clearly, only state court proceedings can toll the AEDPA statute of limitations. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (holding that an application for federal habeas review does not toll the AEDPA limitations period during the pendency of the prisoner's first federal habeas petition).

Mr. Setzer, in his brief to this court, acknowledges the fact that he failed to meet the one-year AEDPA deadline. See Docket No. 20, Response to Order to Show Cause by Jerry Setzer. Instead, Mr. Setzer's argument is essentially that the court should equitably toll the AEDPA statute of limitations. First, he argues that in October or November of 2001, he suffered from a staph infection that spread from his right foot to his upper thigh, requiring a partial amputation of his right leg. Id. Mr. Setzer asserts that his condition and

resulting surgeries prevented him from timely filing his federal habeas petition. Mr. Setzer states he was hospitalized as a result of surgery and infections from 2002 until 2003.

Second, Mr. Setzer argues that the court should toll the statute of limitations because he asserts that he attempted to communicate with the state circuit court judge, his state habeas attorney, and the Pennington County Clerk of Court, but that none of them would respond to his communications. Id.

The one-year AEDPA statute of limitations is not a jurisdictional bar. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). The time limit is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. Id. A petitioner seeking equitable tolling must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

While unfortunate, Mr. Setzer's staph infection and resulting surgeries are insufficient to constitute extraordinary circumstances beyond his control that prevented him from complying with the AEDPA deadline. By his own admission, Mr. Setzer's condition took place from October or November of 2001, and lasted until 2003. Mr. Setzer's state court judgment was not final until April 15, 2002. See 28 U.S.C. 2244(d)(1). Significantly, his health circumstances did not prevent him from pursuing his state petition for habeas

6

relief on August 5, 2002, at which time the limitations period was tolled until December 4, 2006, when his state habeas proceedings became final. Mr. Setzer was likewise able to pursue his first federal petition for habeas relief shortly thereafter on December 19, 2006. When the tolling period ended and the statute of limitations began to run once again, by Mr. Setzer's own account, the acute stages of his medical condition had resolved.

Moreover, the fact that Mr. Setzer was able to pursue his state habeas petitions gives rise to the inference that he could have done so in a timely fashion. See Frazier v. Stickman, 389 F. Supp. 2d 623, 626 (E.D. Pa. 2005) (petitioner's claim of medical incapacity did not excuse failure to comply with AEDPA deadline where petitioner had demonstrated his capacity to prepare and file state habeas petition and then failed to file his federal habeas petition for over sixteen months following the state petition); Santiago v. Miller, 180 F. Supp. 2d 471, 474 (S.D.N.Y. 2001) (petitioner's blindness did not excuse failure to comply with AEDPA deadline where petitioner was able to file two post-conviction motions in state court prior to missing the AEDPA deadline).

In a second letter to the district court, dated December 3, 2009, Mr. Setzer argues that he just learned about the AEDPA limitations period, and that "[t]hey never told me I had to appeal [to the Supreme Court]." Docket No. 24. Mr. Setzer also states that he had no attorney and presumably should not be held to the same standard as one with the benefit of legal representation. The court notes that Mr. Setzer had legal assistance for his state habeas

7

petition, so the lack of legal assistance for his federal petition does not excuse his failure to meet the AEDPA deadline.

Everyone is presumed to know the law and is subject to the law, even pro se prisoners. Baker, 321 F.3d at 772 (citing Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999)). The fact that Mr. Setzer just learned of the AEDPA limitations period, and that he was never told by his trial counsel or habeas counsel of the necessity of filing an appeal is insufficient to toll the AEDPA statute of limitations. See Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (stating that equitable tolling was not justified in the case of an unrepresented prisoner who alleged a lack of legal knowledge or legal resources).

Finally, the court notes that Mr. Setzer has also moved the court to appoint counsel to represent him in this habeas petition. See Docket No. 5. Because Mr. Setzer has no constitutional right to appointment of counsel in his habeas proceeding (see Phelps v. United States, 15 F.3d 735, 737 (8th Cir. 1994)), the district court has discretion to determine whether to appoint counsel.[1] Sullivan v. Lockhart, 958 F.2d 823, 826 (8th Cir. 1992) (citing

---

[1] A district court must appoint counsel to represent petitioner in any evidentiary hearings deemed necessary by the court. Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (citing Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. § 2254). An evidentiary hearing is not necessary when "the issues involved can be properly resolved on the basis of the state court record." Smith v. Groose, 998 F.2d 1439, 1442 (8th Cir. 1993) (citing McCann v. Armontrout, 973 F.2d 655, 661 (8th Cir. 1992)). A petitioner is entitled to an evidentiary hearing in federal court only if he shows "both cause for failure to adequately develop the

Ferguson, 905 F.2d at 213-214). Refusal by the court to appoint counsel to assist petitioner in presenting a federal habeas corpus petition does not violate petitioner's constitutional rights. Hull v. Swenson, 431 F.2d 1194, 1195 (8th Cir. 1970)

A court may, "in the interests of justice," appoint representation to any financially eligible person who is seeking relief under 28 U.S.C. § 2254. 18 U.S.C. § 3006A(a)(2)(B). The Eighth Circuit has set forth the following standard with regard to discretionary appointments of counsel for *pro se* habeas petitioners:

> When exercising its discretion, a district court should first determine whether a pro se habeas petitioner has presented a nonfrivolous claim. If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel. If the petitioner has presented a nonfrivolous claim, the district court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that "the interests of justice so require" it. To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present [articulate] his claim, and any other relevant factors.

---

facts in the postconviction state court hearing and actual prejudice resulting therefrom." Smith, 998 F.2d at 1442 (citing McCann, 973 F.2d at 658). "A federal court should grant a hearing if the facts are in dispute or if a fair evidentiary hearing was not conducted in state court." Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990) (citing Wallace v. Lockhart, 701 F.2d 719, 729 (8th Cir. 1983)).

Abdullah, 18 F.3d at 573 (internal citations omitted); see also McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990).

In Hoggard, petitioner presented claims of ineffective assistance of counsel, denial of due process, and involuntarily and unknowingly entering into a guilty plea. Hoggard, 29 F.3d at 470. The court affirmed the district court's denial of petitioner's request for counsel on the basis that his petition was not factually or legally complex, he was capable of understanding and presenting his claims, and the petition could be decided on the basis of the state court record. Id. at 472.

Hoggard is consistent with the holding in Abdullah, another Eighth Circuit case in which petitioner asserted, in his federal habeas petition, claims of ineffective assistance of counsel, insufficient evidence to sustain his conviction, and denial of due process. Abdullah, 18 F.3d at 572. The Eighth Circuit affirmed the district court's denial of petitioner's request for appointment of counsel on the following grounds: petitioner's claims are not legally or factually complex and do not involve difficult questions of law; petitioner appeared capable of presenting his claims to district court; petitioner pleaded nearly all his claims at the state court level and those he did not plead were frivolous; counsel would have been of little benefit to the court in reading and understanding the settled record; and the interests of justice do not require appointment of counsel. Id. at 571-74.

Further, in Smith, the Eighth Circuit held that the district court did not abuse its discretion in denying petitioner's request for appointment of counsel when it was clear from the state court record that petitioner's federal habeas claims were procedurally barred for failure to exhaust state court remedies. Smith, 998 F.2d at 1442.

Based on the above well-settled case law, it is clear that Mr. Setzer is not entitled to appointment of counsel to assist him in pursuing federal habeas relief. In the determinative issue in considering Mr. Setzer's petition for federal habeas relief is the statute of limitations issue. This issue does not present difficult questions of law that would be unfamiliar to this court. The settled record, which includes the state habeas proceedings detailed above, is clear, and this court does not require the assistance of counsel to read and understand it. Finally, Mr. Setzer appears capable of presenting and articulating his claims to this court. See Abdullah, 18 F.3d at 573-74 (court held that although appellate counsel could have presented a stronger argument in district court, counsel would have been of little benefit in reading and understanding the settled record). Thus, this court finds that it is not in the interests of justice to appoint counsel to assist Mr. Setzer in his federal habeas corpus petition.

For the above reasons, it is recommended that Mr. Setzer's motion for the appointment of counsel [Docket 5] be denied.

**CONCLUSION**

The court recommends that respondent Douglas Weber's Motion to Dismiss [Docket No. 21] be granted and that petitioner Jerry Lee Setzer's petition for writ of habeas corpus [Docket No. 1] be denied. Petitioner's motion to appoint counsel should be denied. [Docket No. 5]. Petitioner Setzer admits that the statute of limitations has passed and he has presented the court with no adequate grounds for equitably tolling that statute of limitations.

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1)(B), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the district court. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated December 15, 2009.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE