UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| JERRY L. SETZER, | ) | CIV. 09-5093-JLV |
|---|---|---|
| Petitioner, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| DOUGLAS L. WEBER, Warden for South Dakota Department of Corrections, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

**INTRODUCTION**

Petitioner, a prisoner at the South Dakota State Penitentiary, filed a petition for writ of habeas corpus (Docket 1) under 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge Veronica Duffy for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On November 18, 2009, Magistrate Judge Duffy issued an order to show cause (Docket 12) requiring the parties to submit legal authority as to whether the petition should be dismissed due to the expiration of the one-year statute of limitations under 28 U.S.C. § 2244(d)(1), the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Mr. Setzer submitted his response (Docket 18) and Respondent Weber filed a motion to dismiss petitioner's application for writ of habeas corpus

1

(Docket 21). Magistrate Judge Duffy filed her report and recommendation (Docket 26) recommending the petition be dismissed as time barred under 28 U.S.C. § 2244(d)(1). Mr. Setzer timely filed his objections. (Docket 28). The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The matter is now ripe for decision.

## DISCUSSION

**A.     Magistrate Judge's Findings of Fact**

Mr. Setzer's only factual objection is that his staph infection started in October or November of 2001 and ended in 2005. (Docket 28, p. 1). Magistrate Judge Duffy found that Mr. Setzer suffered from a staph infection beginning in October or November of 2001, which required a partial amputation of his right leg. (Docket 26, p. 5). Magistrate Judge Duffy also found that "[b]y his own admission, Mr. Setzer's condition . . . lasted until 2003." Id. at p. 6.

The court finds that Mr. Setzer's own statements are consistent with the finding of the magistrate judge. In his own handwritten words, Mr. Setzer represented to Magistrate Judge Duffy the following:

> In October or November of 2001 I obtained staff infection in my right toe. I had to have surgery but it only became worse. Month after month I stayed in the hospitals having surgery after surgery. On April 22, 02, they cut my leg off below the knee thinking that would end the staff infection. But it didn't and begin coming up my thigh to my hip. I stayed in the hospital for six months at a

2

> time. . . . I was having 2 and 3 surgerys a week to wash my thigh out. Finally, I was release in 2003 and I was sent back to prison.

(Docket 20). His physical condition then allowed him to participate in the state habeas evidentiary hearing on December 23, 2003. Id. The objection is overruled and the findings of fact of the magistrate judge are adopted by the court in accordance with 28 U.S.C. § 636(b)(1)(C).

**B.    Magistrate Judge's Conclusions of Law**

Mr. Setzer's vague objection to the conclusions of law of Magistrate Judge Duffy is basically that he could not have pursued his state habeas petition because of his health. (Docket 28, p. 2). This objection is overruled and the conclusions of law of the magistrate judge are adopted by the court in accordance with 28 U.S.C. § 636(b)(1)(C) for the following reasons.

This is the third federal habeas proceeding on Mr. Setzer's claims:

1. 5:06-5103-KES;
2. 5:07-5044-RHB; and
3. 5:09-5093-JLV.

For ease of readability the previous filings are referred as "06-5103-KES" and "07-5044-RHB" with docket references accordingly. Any docket reference without a corresponding file reference is from this present proceeding.

By a *pro se* petition on December 15, 2006, Mr. Setzer applied to the United States District Court for the District of South Dakota, Western Division, for a writ of habeas corpus under 28 U.S.C. § 2254. (06-5103-KES

Docket 1). The claims asserted in that petition were essentially the same claims denied by the state habeas court, plus a claim of ineffective assistance of state habeas counsel. Id. On March 20, 2007, Chief Judge Karen Schreier issued a memorandum opinion and order denying Mr. Setzer any relief under the petition. (06-5103-KES Docket 10). In her decision to dismiss, without prejudice, Mr. Setzer's first federal petition so as to allow him to pursue his unexhausted state claims, Chief Judge Schreier advised Mr. Setzer that his "opportunity to file a federal habeas claim does not expire until September 19, 2007." Id. at p. 12.

Following an unsuccessful state habeas corpus application, Mr. Setzer filed a second petition under 28 U.S.C. § 2254 on June 25, 2007. (07–5044-RHB Docket 1). Mr. Setzer reasserted the claims made in his initial 2002 state habeas petition as well as the other claims previously identified by Chief Judge Schreier, plus a claim that state post-conviction counsel had been ineffective. Id.

On February 7, 2008, United States District Judge Richard H. Battey analyzed Mr. Setzer's federal habeas claims on their merits. (07–5044-RHB Docket 14). Judge Battey denied Mr. Setzer's application for a writ of habeas corpus. Id. at p. 9.

On February 11, 2008, Mr. Setzer filed a notice of appeal from Judge Battey's order. (07–5044-RHB Docket 17). The case was remanded by the

Court of Appeals for the Eighth Circuit for consideration of a certificate of appealability and for a specific statement of issues meriting appeal. (07–5044-RHB Docket 20). Judge Battey ordered that a certificate of appealability not issue. (07–5044-RHB Docket 26). The Eighth Circuit denied Mr. Setzer's application for a certificate of appealability and dismissed his appeal. (07–5044-RHB Docket 31).

Mr. Setzer then filed a second application for habeas relief with the Circuit Court, Seventh Judicial Circuit, in Pennington County, South Dakota. (Docket 22-12). After reviewing the pleadings, the exhibits presented and having taken judicial notice of the prior judicial proceedings and opinions, the state circuit court judge dismissed Mr. Setzer's petition. Id. The court found Mr. Setzer's claims were "frivolous and [have] not been made in good faith . . . ." (Docket 22-12, p. 5). That court also denied issuance of a certificate of probable cause. Id. On September 8, 2009, the South Dakota Supreme Court issued an order denying the motion for certificate of probable cause. (Docket 22-13).

On November 6, 2009, Mr. Setzer filed his third *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket 1). Each of Mr. Setzer's claims in this petition were previously considered by the state habeas court, the South Dakota Supreme Court, and District Judge Battey.

Magistrate Judge Duffy properly stated the applicable law in her report and recommendation. (Docket 26). Even if the court found Mr. Setzer's staph infection continued until 2005, that finding would not be cause to overturn the magistrate judge's conclusions of law and recommendation. The court adopts the conclusion of the magistrate judge that there were no extraordinary circumstances which prevented Mr. Setzer from complying with the deadline established by 28 U.S.C. § 2244(d)(1)(A). Magistrate Judge Duffy concluded:

> Significantly, his health circumstances did not prevent him from pursuing his state petition for habeas relief on August 5, 2002, at which time the limitations period was tolled until December 4, 2006, when his state habeas proceeding became final. Mr. Setzer was likewise able to pursue his first federal petition for habeas relief shortly thereafter on December 19, 2006. When the tolling period ended and the statute of limitations began to run once again, by Mr. Setzer's own account, the acute stages of his medical condition had resolved.

(Docket 26, pp. 6-7).

While Mr. Setzer's medical condition is unfortunate, the overwhelming weight of the evidence is that he continued to actively pursue both state and federal habeas proceedings right up to June 25, 2007, when he filed his second federal habeas petition before Judge Battey. Because Judge Battey ruled that Mr. Setzer's <u>second</u> federal habeas petition was timely filed (07–5044-RHB Docket 14, p. 3), Mr. Setzer's medical condition during the time period of 2001 through 2005 is not determinative of his rights under AEDPA.

Although Mr. Setzer continues to assert in his <u>third</u> federal habeas petition that he was convicted in state court in violation of his constitution rights, Judge Battey specifically addressed those claims in denying the second habeas petition. (07–5044-RHB Docket 14). The Court of Appeals for the Eighth Circuit agreed when it concluded a certificate of appealability should not issue. Mr. Setzer's claims under the AEDPA were conclusively resolved through the second federal habeas petition proceedings.

It is clear that this <u>third</u> petition must be dismissed under the AEDPA. Those claims which were adjudicated by Judge Battey in Mr. Setzer's second petition must be dismissed under § 2244(b)(1). <u>Ward v. Norris</u>, 577 F.3d 925, 933 (8th Cir. 2009); <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 529-30 (2005). In accordance with § 2244(b)(2), any new claims asserted in this third habeas petition must be dismissed. There is neither "a new [or] retroactive rule of constitutional law or new facts showing a high probability of actual innocence." <u>Gonzalez</u>, 545 U.S. at 530.

Under § 2244(b)(3)(A), before this court could consider a third petition, the Court of Appeals for the Eighth Circuit would have to determine the petition presented a valid claim which was adequate to meet the § 2244(b)(2) actual innocence provisions. <u>Id.</u> With all the factual determinations made in the previous state habeas proceedings, as well as Judge Battey's findings and conclusions in the second federal habeas

proceeding, it is this court's conclusion that no reasonable factfinder would acquit Mr. Setzer on the state second degree burglary charge. That is, there is no probability of actual innocence. Gonzalez, 545 U.S. at 530.

Finally, the court's refusal to appoint an attorney to assist Mr. Setzer in presenting the previous federal habeas petitions was not a violation of his constitutional rights. Hull v. Swenson, 431 F.2d 1194, 1195 (8th Cir. 1970). It is not necessary nor in the interest of justice to appoint legal counsel to assist Mr. Setzer with this federal habeas proceeding.

**ORDER**

Based upon the foregoing analysis and upon *de novo* review of the record, it is hereby

ORDERED that the report and recommendation of Magistrate Judge Duffy (Docket 26) is adopted by the court.

IT IS FURTHER ORDERED that petitioner's objections to the report and recommendation (Docket 28) are denied.

IT IS FURTHER ORDERED that respondent's motion to dismiss petitioner's application for writ of habeas corpus (Docket 21) is granted.

IT IS FURTHER ORDERED that the petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody (Docket 1) is dismissed on its merits and with prejudice to the petitioner Jerry L. Setzer.

IT IS FURTHER ORDERED that the motion for appointment of counsel (Docket 5) is denied as moot.

IT IS FURTHER ORDERED that a certificate of appealability shall not issue.

Dated August 26, 2010.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE